## VAN CUREN v RYBAK, et

Ohio Appeals, 9th Dist, Summit Co.

No. 2872. Decided June 14, 1938

Schnee & Belden, Akron, for appellant.

W. E. Pardee, Akron, Hugh A. Sullivan, Akron, and Charles J. Smith, for appellee Emily Rybak.

### OPINION

PER CURIAM:

This appeal on questions of law and fact was heretofore submitted to this court, and an opinion was rendered in favor of the appellant. Afterwards, a motion for a new trial was for good cause granted, and evidence was taken upon an issue not covered in the first trial.

A reconsideration of the case in the light of such additional evidence leads us to the conclusion that, on the issues joined, a decree for the appellees, dismissing the appellant's petition at her costs, should be entered. It is so ordered.

STEVENS, P.J., WASHBURN, J. and DOYLE, J., concur.

### VAN CUREN v RYBAK, et

Ohio Appeals, 9th Dist, Summit Co.

No. 2872. Decided June 30, 1938

### OPINION

PER CURIAM:

Application has been filed herein by the appellant requesting this court to "specify in writing the ground or grounds of their reversing the former judgment of this court." This is an equity case and said application arises by reason of the following:

After the case was originally tried, a finding in favor of the appellant was made. Thereafter, for good cause shown, a motion for a new trial was granted. Thereafter, a new trial was had, and at that trial a considerable amount of new evidence was introduced; and subsequently a finding in favor of the appellee was announced. Counsel for appellant in their application say that they are unable to tell from the opinion rendered by this court upon the second trial of the case the exact basis for the court's holding.

The reason for the conclusion in favor of the appellees upon the retrial was a finding by the court that the appellant did not come into court with clean hands. The court found that the statements upon which the first finding was made were induced by improper conduct of the appellant and some of her witnesses, of such character as to result in the perpetration of a fraud upon the court and the appellees.

It will readily be seen, then, that in view of the new evidence introduced at the second trial the matters discussed in the opinion upon the original trial were not reached upon the retrial. The only question which it was necessary for the court to consider upon the second trial was whether the appellant in bringing the suit had attempted to perpetrate a fraud upon the court and the appellees. The court found that she had, and, in the exercise of an inherent right of a court of equity, denied the relief she sought.

The explanation contained herein of the conclusion reached by the court upon the new trial will doubtless permit counsel to hereafter submit proper findings of fact and conclusions of law, so limited, if they so desire.

STEVENS, P.J., WASHBURN, J., and DOYLE, J., concur.